IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>[5] TEMITOPE OMOTAYO,<br><br>**Defendant.** | **CRIMINAL NO. 21-395-5 (RAM)** |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is the Defendant Temitope Omotayo's ("Defendant" or "Mr. Omotayo") *Motion to Dismiss the Indictment* ("*Motion*") and the United States of America's (the "Government") *Response in Opposition*. (Docket Nos. 295 and 314, respectively). For the following reasons, the *Motion* is **DENIED**.

**I.   BACKGROUND**

**A. Criminal Case 19-cr-291 (LAP) (S.D.N.Y.)[1]**

On April 23, 2019, Mr. Omotayo was indicted in a multi-defendant wire fraud and money laundering case in the Southern District of New York ("SDNY Case"). (Docket No. 2). One of his co-defendants in the instant case, Oluwaseun Adelekan ("Adelekan"), was also charged in the SDNY Case, and both Mr. Omotayo and Mr. Adelekan were arrested on April 25, 2019 and released on bond.

---

[1] References to docket entries in this subsection will only refer to docket entries in United States v. Adelekan, et al., 19-cr-291 (LAP) (S.D.N.Y.). All subsequent references to the record will pertain to the instant case, United States v. Baiyewu, et al., 21-cr-395 (RAM) (D.P.R.).

(Docket Nos. 31 and 48). Superseding indictments were returned against these defendants and their co-defendants on July 30, 2019, and, as relevant here, September 9, 2021 (the "SDNY Indictment"). (Docket Nos. 106 and 296). The SDNY Indictment charged Mr. Omotayo, Mr. Adelekan, and their SDNY Case co-defendants with offenses beginning in approximately July 2016 through April 2019.

A little over a month after the SDNY Indictment was returned, trial began. (Docket No. 387). On October 26, 2021, Mr. Omotayo was convicted of all counts he was charged with—that is, Counts One, Two, and Five of the Fourth Superseding Indictment. (Docket Nos. 296, 397 at 153-56, and 485).

### B. Additional Investigations

The Government alleges that the United States Postal Inspection Service ("USPIS") and the Department of Justice's Consumer Protection Branch ("CPB") continued to investigate Messrs. Omotayo and Adelekan. Ultimately, the USPIS and the CPB discovered alleged criminal activity that, for the most part, began in 2020 and after the operative term of the SDNY Indictment. *See* (Docket No. 314 at 3-4). In 2021, the Federal Bureau of Investigation ("FBI") began investigating Oluwasegun Baiyewu ("Baiyewu"), another co-defendant in the instant case.

Per the Government's *Response in Opposition*, federal investigators ultimately discovered that Messrs. Omotayo,

Criminal No. 21-395-5 (RAM)                                              3

Adelekan, and Baiyewu, along with their co-defendants in the case at bar, "worked together from spring 2020 through fall 2021." Id. at 4.

### C. Criminal Case 21-cr-395 (RAM) (D.P.R.)

On May 31, 2023, a grand jury in the District of Puerto Rico returned a single-count *Superseding Indictment* charging Mr. Omotayo and four co-defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and 3147. (Docket No. 86). The operative period of the *Superseding Indictment* is from on or about May 2020 through on or about October 2021. Id. ¶ 19. Among other allegations, the *Superseding Indictment* claims that:

> On or about April 23, 2019, OLUWASEUN ADELEKAN and TEMITOPE OMOTAYO were charged by indictment in the United States District Court for the Southern District of New York, Criminal Case No. 19-00291. By orders dated April 25, 2019, the District Court in the Southern District of New York permitted ADELEKAN and OMOTAYO to remain on release status, that is, out of prison, while they awaited trial. Those orders notified ADELEKAN and OMOTAYO, respectively, of the potential effect of committing an offense while on pretrial release.

Id. ¶ 17. The *Superseding Indictment* also notes that Mr. Omotayo and Mr. Adelekan lived at the same residence in approximately September 2018 and June through July 2020, and that Mr. Omotayo was on pretrial release in August 2020. Id. ¶¶ 31, 34, 63.

Criminal No. 21-395-5 (RAM)                                                  4

Defendant filed the pending *Motion* on June 12, 2024. (Docket No. 295). In it, he claims that the *Superseding Indictment* should be dismissed because the grand jury was prejudiced by the allegations about Mr. Omotayo's pretrial release status. Id. at 1-2. Specifically, he argues that due process was violated because the grand jury was biased against him. Id. at 2. He also requests disclosure of grand jury transcripts for an in-camera review. Id. at 9.

The Government timely responded on June 27, 2024. (Docket No. 314). It claims that there was no prosecutorial misconduct because section 3147 imposes a sentencing enhancement that could potentially increase Mr. Omotayo's applicable sentence and, therefore, it must be alleged in the *Superseding Indictment*. Id. at 8-9. Moreover, the Government argues that Defendant cannot show that he was prejudiced. Id. at 9-11.

## II.  DISCUSSION

The grand jury is an essentially independent institution that operates under judicial supervision; thus, "courts afford grand jury proceedings a presumption of regularity." United States v. Flemmi, 245 F.3d 24, 28 (1st Cir. 2001) (citing United States v. Johnson, 319 U.S. 503, 513 (1943)). The presumption attaches to superseding indictments as well. *See* Flemmi, 245 F.3d at 28. In general, therefore, an "indictment returned by a legally

constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." Costello v. United States, 350 U.S. 359, 363 (1956). Although "prosecutors do not have carte blanche in grand jury matters," the party challenging the presumption of regularity "must shoulder a heavy burden." Flemmi, 2475 F.3d at 28 (citations omitted). A defect requiring dismissal of the indictment must be "so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment." Midland Asphalt Corp. v. United States, 489 U.S. 794, 802 (1989).

Where, as here, a defendant alleges that prosecutorial misconduct has affected the grand jury, there are two types of error. Constitutional error occurs when the "structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice." Bank of Nova Scotia v. United States, 487 U.S. 250, 257 (1988) (referring to cases involving race- or sex-based discrimination in the selection of grand jurors as examples of errors of constitutional magnitude). Nonconstitutional error is adjudged under the harmless error standard laid out in Bank of Nova Scotia, where the Supreme Court held that a district court has:

> no authority to dismiss the indictment on the basis of prosecutorial misconduct absent a finding that [the defendant was] prejudiced by such misconduct. The prejudicial inquiry must focus on whether any violations had an effect on the grand jury's decision to indict. If violations did substantially influence this decision, or if there is grave doubt that the decision to indict was free from such substantial influence, the violations cannot be deemed harmless.

Id., 487 U.S. at 263. The defendant bears the burden of showing that he was prejudiced. United States v. Jackson, 58 F.4th 541 at 554 (1st Cir. 2023).

**A. There has been no constitutional violation of the presumption of innocence**

Here, Defendant claims that constitutional error was committed by the Government when it violated his presumption of innocence and prejudiced the grand jury by referencing to pretrial release in paragraphs 17 and 63 of the *Superseding Indictment*. (Docket No. 295 at 1-2). However, Mr. Omotayo conflates the purpose and duties of the grand and petit juries. The **grand** jury's "singular role" is to "find[] the probable cause necessary to initiate a prosecution for a serious crime." Kaley v. United States, 571 U.S. 320, 328 (2014). The grand jury does not adjudge guilt, as Mr. Omotayo claims—it only considers whether probable cause exists such that a true bill can be returned. By contrast, the **petit** jury must be instructed on the presumption of innocence,

referring primarily to a defendant's right to be judged only on evidence presented at trial, and not, for example, based on the charges in the indictment. *See* Taylor v. Kentucky, 436 U.S. 478, 485-86 (1978).

Grand juries also serve an investigative function. Importantly, "neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries may act." Costello, 350 U.S. at 362. To the extent that the grand jury heard evidence about Mr. Omotayo's SDNY Indictment and his actions on pretrial release, that evidence is permissible. Defendant alleges no violation that rises to the level of constitutional harm.[2]

**B. Inclusion of allegations related to section 3147 is proper**

Defendant also claims that the Government's reference to section 3147 was unduly prejudicial because there was no need for the statute or facts supporting it to be alleged in the *Superseding Indictment*. (Docket No. 295 at 4-5). An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It should also include the "official or customary citation of the

---

[2] Moreover, if the Court were to adopt Defendant's theory, it would result in absurd outcomes. For example, under this theory the Government would never be able to charge cases involving a predicate offense, such as those involving a felon in possession, illegal reentry, or armed career criminal.

statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Id. Specifically, the indictment must set out the crime and each of its elements. *See* United States v. Miller, 471 U.S. 130, 136 (1985); Almendárez-Torres v. United States, 523 U.S. 224, 228 (1998). Crucially, "an indictment must do more than simply repeat the language of the criminal statute." Russell v. United States, 369 U.S. 749, 764 (1962). That being said, "the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime." Id. The remedy for surplusage is to strike such language from the indictment, rather than dismissal of the indictment. *See* Fed. R. Crim. P. 7(d).[3]

At issue is whether the Government's inclusion of section 3147 and references to Mr. Omotayo's pretrial release status constituted prosecutorial misconduct and, if so, whether it prejudiced the grand jury. The answer to that question hinges on whether section 3147 constitutes a crime or an element of the crime

---

[3] The rule is intended to protect "the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7(d) advisory committee's note to 1944 adoption. *But see* United States v. Hedgepeth, 434 F.3d 609, 612-13 (3d Cir. 2006) ("[I]nformation that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand[,] and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion.").

Criminal No. 21-395-5 (RAM)                                                  9

that must be included in the indictment. Section 3147 provides that:

> A person convicted of an offense while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to—(1) a term of imprisonment of not more than ten years if the offense is a felony . . .. A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

18 U.S.C. § 3147. The statute "is designed to deter the commission of additional offenses by a defendant out on bail." United States v. Randall, 287 F.3d 27, 29 (1st Cir. 2002).

In dicta, the First Circuit has noted that "§ 3147 is not a count of conviction." Id. at 31. The other circuits that have addressed the issue generally agree that section 3147 is not a standalone, separate offense that would mandate notice in an indictment. *See* United States v. Confredo, 528 F.3d 143, 155 (2d Cir. 2008); United States v. Di Pasquale, 864 F.2d 271, 279-80 (3d Cir. 1988); United States v. Jackson, 891 F.2d 1151, 1152-53 (5th Cir. 1989); United States v. Peithman, 917 F.3d 635, 645-46 (8th Cir. 2019); United States v. Patterson, 820 F.2d 1524, 1526 (9th Cir. 1987); United States v. Horner, 769 Fed. App'x 528, 536 (10th Cir. 2019). *But see* United States v. Samuel, 296 F.3d 1169, 1173 (D.C. Cir. 2002) (expressing uncertainty as to whether section 3147 creates a separate offense and comparing provision to 18

U.S.C. § 924(c)); <u>United States v. Sink</u>, 851 F.2d 1120, 1125 (8th Cir. 1988) (Heaney, J., concurring) (recognizing circuit precedent but noting that section 3147 could be construed as a substantive offense which must be charged in the indictment and presented to a grand jury).

However, section 3147 may constitute an important element of a crime that must be alleged in the indictment. "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." <u>Alleyne v. United States</u>, 570 U.S. 99, 103 (2013) (citing <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 483 n.10 (2000)). "In federal prosecutions, **such facts must also be charged in the indictment**." <u>United States v. Cotton</u>, 535 U.S. 625, 627 (2002) (citations omitted and emphasis added). The distinction between "elements" and "sentencing factors" is "constitutionally novel and elusive." <u>Apprendi</u>, 530 U.S. at 494. Nevertheless, the ultimate question is whether the "required finding expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict[.]" <u>Id</u>.

If Defendant were convicted in the instant case, section 3147 could potentially result in an **additional** penalty of ten years, to be served **consecutively** to any sentence imposed for the money laundering conspiracy. Several courts have found that such an

enhancement implicates Apprendi. *See* United States v. Schneider, 2024 WL 3567420, at *2 (D.S.D. 2024) (denying motion to dismiss because the "charge was properly submitted to the grand jury as required by Apprendi"); United States v. Lawson, 2002 WL 992369, at *2 (W.D. Va. 2002) (declining to enhance sentence pursuant to section 3147 "in the absence of an indictment setting forth its violation."). In the First Circuit, the leading authority on this issue is Randall, 287 F.3d 27. The defendant in Randall contended that Apprendi had been violated because the question of whether he committed a crime on pretrial release was not submitted to the jury. Id. at 29. The panel held that because the district judge had "carefully" imposed a total sentence that was within the guideline range of the base offense level (and, therefore, within the statutory maximum of the underlying crime), no Apprendi violation had occurred. Id. at 30. Although the First Circuit has not addressed the question of whether Apprendi is violated when a section 3147 enhancement takes a total sentence above the statutory maximum, at least three other circuits have concluded that it does. *See* United States v. Perez, 86 F.4th 1311, 1319 (11th Cir. 2023); United States v. Lewis, 660 F.3d at 189, 195; United States v. Confredo, 528 F.3d 143, 155 (2d Cir. 2008). At this relatively early stage of the criminal proceedings, there is no indication of whether Defendant will be convicted and what his prospective

Guidelines range for the money laundering conspiracy count may be. Given that dearth of information, the Court finds that the section 3147 is an element that must be charged in the indictment because it could potentially subject Defendant to total sentence above the statutory maximum for a money laundering conspiracy offense.

Moreover, it is not sufficient to only refer to section 3147. The Government must also include the factual basis for an enhancement under that section to avoid running afoul of Apprendi and its progeny. *See, e.g.*, United States v. Gillon, 348 F.3d 755, 758 (8th Cir. 2003) ("assuming that the factual basis for a § 3147 enhancement should have been alleged in the indictment"). *Cf.* United States v. Youngworth, 1989 WL 129262, at *4 (W.D.N.C. 1989) (noting that "the Government **must** state in the Indictment which [federal] offense has been violated" to adequately allege elements of section 3147 offense) (emphasis added). Thus, the Government was required to include information about the offense that Defendant committed, as well as his status on pretrial release during the operative period of the *Superseding Indictment*. Such information is therefore appropriately included in the charging document.

There are also pragmatic reasons why the Government may have chosen to include section 3147 allegations in the *Superseding Indictment*. Inclusion now may prevent future challenges under

Apprendi and Alleyne. *See, e.g.*, United States v. Trahan, 111 F.4th 185, 197 (1st Cir. 2024) (involving Alleyne challenge by defendant who was not charged with violating 3147).

Even assuming section 3147 does not implicate Apprendi, it may still be advisable for the Government to allege violations of the statute and relevant supporting facts in the indictment. Such allegations can provide fair notice to a defendant and stave off a challenge that he was not sufficiently informed of sentencing consequences. *See* United States v. DeSimone, 735 F. Supp. 2d 477, 487 (D.R.I. 2010) (noting, however, that it is "common practice" not to charge violations of section 3147 in the indictment); Alleyne, 570 U.S. 99 at 113-14 ("Defining facts that increase a mandatory statutory minimum to be part of the substantive offense enables the defendant to predict the legally applicable penalty from the face of the indictment."). *Cf.* United States v. Cormier, 226 F.R.D. 23, 26 (D. Me. 2005) (stating that indictment's reference to specific penalty provisions places the defendant on fair notice of higher statutory penalties).

Finally, even if the inclusion of references to section 3147 was gratuitous, it cannot be said to have prejudiced the grand jury. In a case involving more egregious facts, the First Circuit held that a defendant could not show he was prejudiced even though the government "engaged in a very sloppy presentation" and a

testifying agent "**made a statement about a prior conviction [that was] incorrect.**" Jackson, 58 F.4th at 554 (emphasis added; internal quotations omitted; alteration in original) (affirming conviction); *cf.* United States v. Brennick, 405 F.3d 96, 99 (1st Cir. 2005) (finding disclosure of defendant's drug problem to grand jury "inappropriate" but harmless due to later conviction at trial).

Mr. Omotayo also cannot establish that he was prejudiced by the inclusion of references to pretrial release. His *Motion* provides no basis for finding that the Government committed misconduct, that any such misconduct substantially influenced the decision to indict, or that grave doubt exists as to whether the decision to return a true bill was free from substantial undue influence. *See, e.g.*, In re U.S., 441 F.3d 44, 60 n.14 (1st Cir. 2006) (finding no showing of impropriety had been made when there was no claim that a prosecutor made flagrantly inflammatory and improper comments to the grand jury). Thus, he has not carried his heavy burden to establish there was nonconstitutional error committed by the Government. His *Motion* must accordingly be **DENIED**.

### C. Disclosure of grand jury testimony is unwarranted

In passing, Defendant requests disclosure of grand jury testimony pursuant to Fed. R. Crim. P. 6(e)(3)(C)(ii) for an *in camera* review. (Docket No. 295 at 9). The provision that he cites

has been renumbered to Fed. R. Crim. P. 6(e)(3)(E)(ii). *See* United States v. Sitzmann, 74 F. Supp. 3d 128, 138 (D.D.C. 2014). Rule 6(e)(3)(E)(ii) permits disclosure of a grand-jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Id.

The First Circuit has made clear that the "indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity." United States v. Capozzi, 486 F.3d 711, 727 (1st Cir. 2007) (quoting United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958)) (internal quotation marks omitted). The defendant bears the burden of showing particularized need. Capozzi, 486 F.3d at 727 (citing Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395 (1959)). Specifically, he must show that the material he seeks "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [his] request is structured to cover only material so needed." Douglas Oil Co. of Cal. v. Petrol Stops Nw., 444 U.S. 211, 222 (1979). A defendant that seeks *in camera* review must also still establish his particularized need. United States v. Aponte-Garcia, 2016 WL 7373882, at *7 (D.P.R. 2016) (citing U.S. ex rel. Stone v. Rockwell Intern. Corp., 173 F.3d 757, 760 (10th Cir. 1999)).

Mr. Omotayo has made no such showing in this case. As discussed in the previous sections, there is no indication that prosecutorial misconduct occurred before the grand jury in relation to disclosure of Defendant's SDNY Case. Any further claims he makes about potentially prejudicial information is speculative and not concrete. *See, e.g.*, Aponte-Garcia, 2016 WL 7373882, at *7 (finding allegation that grand jury was misled by perjured testimony was speculative and hypothetical); United States v. George, 839 F. Supp. 2d 430 (D. Mass. 2012) (concluding mere positing of a potential defect was insufficient to establish need). Thus, Defendant's request for disclosure of the grand jury transcripts is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Defendant Temitope Omotayo's *Motion to Dismiss the Indictment* at Docket No. 295 is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of September 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE