IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>[5] TEMITOPE OMOTAYO,<br><br>**Defendant.** | **CRIMINAL NO. 21-395-5 (RAM)** |

### OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Temitope Omotayo's ("Defendant" or "Omotayo") *Motion for Severance of Trial* ("*Motion for Severance*"), the Government's *Response in Opposition* ("*Response*"), and Defendant's *Reply to Response* ("*Reply*"). (Docket Nos. 431, 440 and 447, respectively). For the following reasons, the *Motion for Severance* is **DENIED**.

### I. BACKGROUND

**A. Criminal Case 19-cr-291 (LAP) (S.D.N.Y.)[1]**

On April 23, 2019, Omotayo was indicted in a multi-defendant wire fraud and money laundering case in the Southern District of New York ("SDNY Case"). (Docket No. 2). One of his co-defendants in the instant case, Oluwaseun Adelekan ("Adelekan"), was also charged in the SDNY Case. Both Omotayo and Adelekan were arrested

---

[1] References to docket entries in this subsection will only refer to docket entries in United States v. Adelekan, et al., 19-cr-291 (LAP) (S.D.N.Y.). All subsequent references to the record will pertain to the instant case, United States v. Baiyewu, et al., 21-cr-395 (RAM) (D.P.R.).

on April 25, 2019, and released on bond. (Docket Nos. 31 and 48). Superseding indictments were returned against these defendants and their co-defendants, charging them with offenses beginning in approximately July 2016 through April 2019. (Docket Nos. 106 and 296). On October 26, 2021, Omotayo was convicted by a jury of all counts he was charged with, and ultimately sentenced to 72 months' imprisonment. (Docket Nos. 296, 397 at 153-56, and 485).

**B. Criminal Case 21-cr-395 (RAM) (D.P.R.)**

On October 20, 2021, a grand jury in the District of Puerto Rico returned a single-count *Indictment* charging Oluwasegun Baiyewu ("Baiyewu") with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Docket No. 5). About a year and a half later, on May 31, 2023, the grand jury returned a single-count *Superseding Indictment* charging Omotayo and four co-defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and 3147. (Docket No. 86). The *Superseding Indictment* alleges numerous schemes supporting the money laundering conspiracy, including business email compromises ("BEC"), romance scams, and unemployment insurance ("UI") fraud. Id. ¶ 21. These charges arose out of events occurring between May 2020 and October 2021. Id. ¶ 19.

The *Superseding Indictment* also notes that Omotayo and Adelekan lived at the same residence from approximately September

Criminal No. 21-395-5 (RAM)                                                3

2018 through September 2020, during which time they received funds via mail in relation to romance scams. Id. ¶¶ 31-36. Additionally, the *Superseding Indictment* alleges that while Omotayo was on pretrial release in August 2020, he and Adelekan worked together to obtain money orders derived from UI fraud for Baiyewu. Id. ¶ 63.

On June 12, 2024, Defendant filed a *Motion to Dismiss the Indictment*, claiming the *Superseding Indictment* should be dismissed because the grand jury was prejudiced by the allegations about Omotayo's pretrial release status. (Docket No. 295). The Court denied the *Motion to Dismiss*, finding no constitutional violation of the presumption of innocence and that the allegations included in the *Superseding Indictment* were proper. (Docket No. 405).

On October 16, 2024, Defendant filed the instant *Motion for Severance*. (Docket No. 431). Defendant claims his alleged involvement in the conspiracy is limited to a few isolated actions that have "no significant connection to the broader scheme of money laundering." Id. at 3. Defendant maintains the *Superseding Indictment* only alleges his involvement in romance scams and delivering money order transactions. Id. at 3-4. Specifically, Defendant argues that no evidence links him to the BEC schemes; there is no evidence suggesting he personally received, managed,

or transported any of the funds sent to his residence that were obtained through the alleged romance scams; and there is no proof he knew of the conspiracy or that the funds were fraudulent. Id. at 3-4, 6-8. Therefore, "a joint trial with co-defendants accused of orchestrating multi-state fraud and money laundering schemes will expose Mr. Omotayo to significant evidence unrelated to his limited involvement, thus prejudicing his defense" and creating "a significant risk of being found guilty by association." Id. at 6-7.

In *Response*, the Government highlights that joinder is proper under Fed. R. Crim. P. 8 because the *Superseding Indictment* alleges one singular-count money laundering conspiracy where defendants worked together to profit from various fraud schemes. (Docket No. 440 at 5-6). Additionally, it avers Defendant is not entitled to severance under Fed. R. Crim. P. 14 because he failed to meet his burden of articulating a fact-specific analysis showing a joint trial will actually prejudice him or cause "evidentiary spillover." Id. at 6-7. Lastly, the Government proffers that proving the alleged "hub and spoke" conspiracy, even if Omotayo is only connected to one piece of it, involves explaining a complex money laundering scheme to a jury and presenting evidence as to the entire conspiracy as well as the particular role that each defendant played. Id. at 9-10. Therefore, a single trial does not

prejudice Defendant. Id. Furthermore, even if Omotayo's role was "minor" compared to his co-defendants, "his alleged actions were nonetheless essential to ensuring the scheme's functionality and profitability," and there is no requirement for the Government to prove any co-conspirator knew the precise nature of the fraud schemes that generated the laundered funds. Id. at 7-9.

In his *Reply*, Defendant argues that the *Superseding Indictment* "improperly combines allegations that do not form a cohesive conspiracy where each act naturally flows from the other," so the "mere presence of a single charge does not mean that all defendants participated in the 'same series of acts or transactions.'" (Docket No. 447 at 2-3). As such, Defendant would be unfairly prejudiced in a joint trial given the disparities in his involvement vis-à-vis the other defendants. Id. at 2-4.

## II. DISCUSSION

Rule 8 permits joinder of "2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The First Circuit has explained that "[a] conspiracy count can be a sufficient connecting link between co-defendants and separate substantive offenses to permit their joinder in a single indictment." United States v. Martínez, 994 F.3d 1, 12 (1st Cir. 2021) (citation omitted)

(alteration in original). Generally, defendants "who are indicted together should be tried together," and there is a presumption in favor of joinder. United States v. DeLeon, 187 F. 3d 60, 63 (1st Cir. 1999) (citations omitted). The rule is intended to "prevent inconsistent verdicts and to conserve judicial and prosecutorial resources." United States v. DeCologero, 530 F.3d 36, 52 (1st Cir. 2008). "Joinder is proper . . . even when the objecting defendant is only connected to one part of that scheme." United States v. Azor, 881 F.3d 1, 11 (1st Cir. 2017).

However, Fed. R. Crim. P. 14(a) permits district courts to order severance if "the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government[.]" Id. A defendant who seeks a separate trial from his co-defendants must make "a strong showing of evident prejudice." United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993) (citations omitted). A district court may grant a severance motion "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). A defendant trying to meet this burden "must demonstrate prejudice so pervasive that it would be likely to effect a miscarriage of justice," which is "a difficult battle for a defendant to win."

DeLeon, 187 F.3d at 63 (citations and internal quotation marks omitted).

The case at bar is a single-count money laundering conspiracy case, in which different co-conspirators, including Omotayo, are alleged to have funneled proceeds from disparate locations to Baiyewu. When the government charges a single conspiracy, as they have done in this case, joinder is favored. *See* United States v. Simon, 12 F.4th 1, 45 (1st Cir. 2021) (affirming refusal to sever where the government "charged and proved a single conspiracy" and the defendant "was charged and convicted as a coconspirator"); United States v. Drougas, 748 F.2d 8, 18 (1st Cir. 1984) (finding joint trial "most feasible" in a complicated multi-party conspiracy).

Defendant argues that a joint trial will expose him to significant evidence unrelated to his limited involvement, so he wishes to be tried only on evidence properly before the jury that is not tainted by spillover from the "voluminous and complex evidence" the Government will present against his co-defendants. (Docket No. 431 at 6-8). Spillover occurs when evidence against one defendant is "misinterpreted by the jury and used as the basis for convicting another defendant not connected to that evidence." Drougas, 748 F.2d at 18. Notably, the spillover effect "rarely constitutes sufficient prejudice to warrant severance." Azor, 881

F.3d at 12. "Some level of prejudice is inherent in trying two or more defendants together . . . [b]ut, where the evidence against a defendant might show a defendant's association with his co-defendants even if he were tried alone, the argument for prejudice becomes much weaker." Id.

It is difficult for defendants to prevail on spillover arguments in conspiracy cases because almost all the evidence will pertain and be relevant to all of the co-conspirators. *See* United States v. Morales-Guanill, 77 F. Supp. 3d 258, 262 (D.P.R. 2015) (citing United States v. LiCausi, 167 F.3d 36, 49 (1st Cir. 1999). Defendant argues that he does not want his trial to be tainted by the acts of his co-conspirators, since he, by comparison, "did not orchestrate fraud schemes, manage significant sums of money, or control bank accounts." (Docket No. 431 at 8). He bears the burden, however, of identifying what "specific evidence that would not be admissible against him were he tried separately." Morales-Guanill, 77 F. Supp. 3d at 262 (internal quotation marks and citation omitted). Omotayo has not borne that burden here. *See also* United States v. Maddux, 917 F.3d 437, 449 (6th Cir. 2019) (finding argument as to spillover conclusory where defendant could not point to specific prejudice).

While Omotayo claims there is no evidence connecting him to the BEC schemes and attempts to minimize his accountability as to

the romance scams and UI fraud allegations, the allegations in the *Superseding Indictment* are sufficient to tie Omotayo to the conspiracy as a whole. Furthermore, severance need not occur "'[e]ven where large amounts of testimony are irrelevant to one defendant, or where one defendant's involvement in an overall agreement is far less than the involvement of others.'" United States v. Carmona-Bernacet, 608 F.Supp.3d 3, 9 (D.P.R. 2022) (quoting United States v. Boylan, 898 F.2d 230, 246 (1st Cir. 1990)). Moreover, any possibility of spillover can be mitigated by the trial judge's careful differentiation between co-conspirators. *See* Drougas, 748 F.2d at 19 (affirming denial of severance where judge provided jury with instruction that they were to exclude certain witnesses and exhibits from their deliberations regarding one particular co-defendant); United States v. Floyd, 740 F.3d 22, 37 (1st Cir. 2014) (same).

Because Defendant cannot establish that he is prejudiced by proceeding to trial with his co-defendants, the Court **DENIES** his *Motion for Severance*.

### III. CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Defendant Temitope Omotayo's *Motion for Severance* at Docket No. 431 is hereby **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of November 2024.

                                        s/Raúl M. Arias-Marxuach  
                                      UNITED STATES DISTRICT JUDGE